UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Bobby Gene Kilgore, ) | Case No. 8:16-cv-02052-HMH-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Warden B J Meeks, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Respondent's motion to stay and motion for summary judgment. [Docs. 14, 26.] Petitioner is a federal prisoner who seeks relief pursuant to 28 U.S.C. § 2241. [Doc. 1.] Petitioner is represented by counsel. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on June 20, 2016. [Doc. 1.] On October 5, 2016, Respondent moved to stay the Petition. [Doc. 14.] On that same day, Petitioner filed a response opposing a stay. [Doc. 15.] On October 11, 2016, the Court entered an Order to Show Cause why the Court should not transfer the matter to the United States District Court for the Middle District of Florida. [Doc. 17.] On October 19, 2016, Petitioner responded, requesting that the Court not transfer this action. [Doc. 22.] On October 26, 2016, Respondent filed a response to the Order to Show Cause and a motion for summary judgment. [Docs. 25, 26.] On November 9, 2016, Petitioner filed a response in opposition to the motion for summary judgment. [Doc. 30.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends that Respondent's motion for summary judgment be granted.

## BACKGROUND

**Underlying Conviction, Appeal, and Previous Collateral Attack**

Following a guilty plea, Petitioner was sentenced in the United States District Court for the Middle District of Florida on January 10, 2007, for violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)—possession with intent to distribute five grams or more of cocaine. [Docs. 26-2 (USDC Fl. Middle, Criminal Docket); 29-1 (Presentence Investigation Report ("PSR"), filed under seal).] Petitioner was sentenced as a career offender under the United States Sentencing Guidelines ("the Guidelines") § 4B1.1 based on two prior convictions: (1) Battery on a Law Enforcement Officer and (2) Possession of Cocaine with Intent to Sell/Deliver within 1,000 Feet of a School. [Doc. 29-1 ¶ 28.] Petitioner's career offender classification raised his offense level, thus increasing Petitioner's sentencing range from 130–162 months to 188–235 months. [Docs. 1-3; 29-1 ¶¶ 27–31, 105.] Petitioner was sentenced to 188 months' imprisonment. [Doc. 26-2 at 6.]

Petitioner filed a notice of appeal in January 2007. [*Id.*] Petitioner's direct appeal was dismissed by the United States Court of Appeals for the Eleventh Circuit on August 24, 2007. [*Id.* at 7.] On September 7, 2010, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. [*Id.*] The motion was denied as untimely. [Doc. 1-5.] Subsequently, the Eleventh Circuit affirmed the denial of Petitioner's § 2255 motion. [Doc. 1-4.]

On May 16, 2016, Petitioner sought leave of the Eleventh Circuit to file a second or successive § 2255 motion, asserting that he was entitled to relief under *Johnson v. United*

2

*States*, ––– U.S. –––, 135 S.Ct. 2551 (2015).  [Doc. 1-3.]  Specifically, Petitioner argued that his prior conviction for battery of a law enforcement officer no longer qualified as a "crime of violence" under the residual clause in § 4B1.2(a) of the Guidelines.  [*Id.*]  The Eleventh Circuit Court of Appeals denied Petitioner's application on June 6, 2016.  [Doc. 1-2.]

**Instant Petition and Motion for Summary Judgment**

On June 20, 2016, Petitioner filed the instant § 2241 Petition.  [Doc. 1.]  In his Petition, Petitioner challenges the validity of his 188-month sentence based on *Johnson*, which held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.  [*Id.* at 6.]  Petitioner contends that his career offender enhancement, which was based on the residual clause of the Guidelines, violates the Due Process Clause.  [Doc. 1-1.]

Respondent asserts that the Petition should be dismissed because the savings clause of § 2255(e) is not available to Petitioner because Petitioner has not shown that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention.  [Doc. 26-1.]  Alternatively, Respondent requests that this action be stayed until the matters of *Beckles v. United States*, No. 15-8544, ––– U.S. –––, 136 S.Ct. 2510 (June 27, 2016), *argument conducted November 28, 2016,* and *United States v. Surratt,* 797 F.3d 240, 269 (4th Cir. 2015), *reh'g en banc granted* (Dec. 2, 2015), are resolved.  [*Id.*]

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355,

365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5. A petitioner cannot challenge

his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir. 2014) (observing that a prisoner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention'") (quoting 28 U.S.C. § 2255(e)). The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

Petitioner argues his sentence is unconstitutional after *Johnson* because the ACCA's residual clause, held to be unconstitutional in *Johnson*, is identical to the Guidelines' residual clause under which he was sentenced. [Doc. 1 at 6.] However, as stated, for this Court to address that argument in a § 2241 petition, Petitioner must satisfy the savings clause. Here, Petitioner argues that the § 2255 remedy is an inadequate or ineffective means to provide the relief he now requests because his motion for leave to file a

6

successive § 2255 motion was denied in 2016. [Doc. 1-3.] The Court finds Petitioner does not satisfy the savings clause. *See In re Vial*, 115 F.3d at 1194 n.5 ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion.") (citations omitted); *see also Jiminian v. Nash*, 245 F.3d 144, 147–48 (2d Cir. 2001) (collecting cases). In addressing claims asserted under § 2241 relating to the validity of enhanced sentences, the Fourth Circuit has repeatedly held that the § 2255 savings clause preserves only claims in which the petitioner alleges actual innocence of a conviction and does not extend to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *see also Rouse v. Wilson*, 584 Fed. Appx. 76, 76 (4th Cir. 2014) (noting that the district court properly determined a petitioner could not challenge a career-offender enhancement under § 2241); *Farrow v. Revell*, 541 Fed. Appx. 327, 328–29 (4th Cir. 2013) (finding petitioner's challenge to ACCA sentence enhancement was not cognizable under § 2241 by way of the § 2255 savings clause). In light of the holdings of the Fourth Circuit Court of Appeals, the Court finds that Petitioner's challenge to his sentence enhancements under the Guidelines is not appropriate for review under § 2241. Petitioner has not established that § 2255 is inadequate or ineffective to test the legality of Petitioner's detention. Thus, summary judgment is appropriate.[*]

---

[*] In October 2016, the Court issued an Order to Show Cause why it should not transfer this action to the sentencing court. [Doc. 17.] Upon review of the record, it is clear that transfer would be futile because the Eleventh Circuit has already declined Petitioner's application to file a successive § 2255 motion based on entitlement to relief under *Johnson v. United States*, –––– U.S. ––––, 135 S.Ct. 2551 (2015). [Doc. 1-3.]

---

Further, the undersigned finds that a stay is not warranted.  As an alternative form of relief, Respondent requested that this action be stayed pending the Supreme Court of the United State's decision in *Beckles*, 136 S.Ct. 2510, and the Fourth Circuit Court of Appeals' decision in *Surratt*, 797 F.3d 240.  [Doc. 14.]  Petitioner opposes a stay.  [Doc. 15.]

Petitioner was sentenced as a career offender under the Guidelines.  Under these Guidelines, a defendant is a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).  The Guidelines define "crime of violence" as any federal or state offense, punishable by more than a year in prison, that

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (emphasis added). The italicized language in § 4B1.2(a)(2) is commonly called the "residual clause."  *See United States v. Chisolm*, 579 F.App'x 187, 190 (4th Cir. 2014).

In *Beckles*, the Supreme Court is poised to decide whether the holding in *Johnson*—that the residual clause in the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague—applies to Guidelines § 4B1.2(a) and whether *Johnson* applies retroactively to collateral challenges of sentences enhanced under § 4B1.2(a)(2)'s residual clause.  *See Beckles*, 136 S.Ct. 2510.  In *Surratt*, a Fourth Circuit panel held that *Jones* requires "actual innocence of a criminal act" for relief pursuant to § 2241.  *Surrat*, 797 F.3d. at 247.  Additionally, the Fourth Circuit appears to have left open the possibility of relief under § 2241 for an allegedly unlawful sentence to a term of imprisonment exceeding the statutory maximum for the underlying charge.  *See id.* at 269. Importantly, however, pursuant to Fourth Circuit Local Rule 35(c), "[g]ranting of rehearing *en banc* vacates the previous panel judgment and opinion."  Thus, because *Surratt* has been vacated and in light of the controlling law of *Jones*, the Court finds that Petitioner cannot show that he is entitled to relief under § 2241.  *See, e.g., Rosario v. F.C.I. Bennettsville*, No. 9:16-33-RBH-BM, 2016 WL 4951163, *3 (Aug. 9, 2016) (declining to stay based on *Surratt* and dismissing a § 2241 petition challenging a sentence enhancement because the petitioner failed to satisfy the second prong of *Jones* to show that a subsequent change in

8

**RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DISMISSED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

February 15, 2017
Greenville, South Carolina

---

substantive law deemed noncriminal the conduct of which he was convicted). As discussed herein, defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255, not through a petition filed pursuant to § 2241. Therefore, the undersigned does not recommend a stay of this action. However, the undersigned notes that dismissal of the present § 2241 Petition does not impact Petitioner's ability to apply for leave to file a successive § 2255 motion should the United States Supreme Court hold in *Beckles* that § 4B1.2(a)'s residual clause is unconstitutional.