IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Bobby Gene Kilgore, ) | |
| ) | C.A. No. 8:16-2052-HMH-JDA |
| Petitioner, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| B.J. Meeks, Warden, Williamsburg ) | |
| Federal Correctional Institute, ) | |
| ) | |
| Respondent. ) | |

    This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Bobby Gene Kilgore ("Kilgore"), a federal prisoner, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Magistrate Judge Austin recommends granting the Respondent's motion for summary judgment and dismissing Kilgore's petition. Kilgore filed objections to the Report and Recommendation. After review and for the reasons below, the court adopts the magistrate judge's Report and Recommendation, grants the Respondent's motion for summary judgment, and dismisses Kilgore's petition.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I. Factual and Procedural History

Kilgore is currently incarcerated at FCI–Williamsburg. Kilgore pled guilty and was sentenced to 188 months' imprisonment in the United States District Court for the Middle District of Florida on January 10, 2007, for possession with intent to distribute five grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Kilgore was sentenced as a career offender under the United States Sentencing Guidelines ("U.S.S.G."), which increased his offense level by 4 points and raised his guideline range from 130-162 months to 188-235 months. (Objs. 1, ECF No. 33.) The United States Court of Appeals for the Eleventh Circuit affirmed his conviction on August 24, 2007. (Mot. Summ. J. Ex. 2, ECF No. 26-2.) Kilgore filed a § 2255 motion on September 7, 2010, which was dismissed as untimely and the Eleventh Circuit affirmed the denial of his § 2255 motion. Kilgore v. United States, No. 8:06-CR-199-T-24MSS, 2011 WL 940220 (M.D. Fla. Mar. 17, 2011), aff'd, 522 F. App'x 631 (11th Cir. 2013). On May 16, 2016, Kilgore requested leave to file a second or successive § 2255 motion, in light of Johnson v. United States, 135 S. Ct. 2551 (2015). The Eleventh Circuit denied Kilgore's application on June 6, 2016. (Pet., Attach. B (Opinion), ECF No. 1-2.)

Kilgore filed the instant petition pursuant to § 2241 on June 20, 2016, arguing that he is no longer a career offender under the United States Sentencing Guidelines ("U.S.S.G.") in light of Johnson v. United States, 135 S. Ct. 2551 (2015). The United States Supreme Court has granted certiorari in Beckles v. United States, No. 15-8544 (S. Ct. June 27, 2016), to decide whether the holding in Johnson applies to the residual clause of the career offender guideline, U.S.S.G. § 4B1.2(a)(2), and if so, whether it applies retroactively to cases on collateral review. The magistrate judge recommends granting the Respondent's motion for summary judgment and

2

dismissing Kilgore's petition on the basis that Kilgore may not proceed under § 2241. (R&R, ECF No. 32.) Kilgore filed objections to the Report and Recommendation on February 28, 2017. (Objs., ECF No. 33.) This matter is ripe for review.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

Kilgore objects to the magistrate judge's conclusion that § 2255 was not inadequate to test the legality of Kilgore's detention, and he further alleges that the plain language of §§ 2241 and 2255 permit Kilgore's motion. (Objs., generally, ECF No. 33.) The Fourth Circuit has held that habeas relief pursuant to § 2241 is available only if a § 2255 motion is inadequate or ineffective to test the legality of detention. See <u>In re Jones</u>, 226 F.3d 328, 333 (4th Cir. 2000) (citing 28 U.S.C. § 2255). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." <u>Charles v. Chandler</u>, 180 F.3d 753, 756 (6th Cir. 1999).

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. Kilgore alleges that his sentence is unconstitutional in light of Johnson. Kilgore's objections fail for the simple reason that he has failed to show that he may proceed with his § 2241 petition. Further, the fact that Kilgore alleges that he is prevented from filing another § 2255 because his request to file a second or successive § 2255 motion has been denied by the Eleventh Circuit does not alter this court's conclusion. See 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

Further, the court recognizes that the Fourth Circuit in United States v. Surratt, left open the possibility of relief under § 2241 for an allegedly unlawful sentence to a term of imprisonment exceeding the statutory maximum for the underlying charge. United States v. Surratt, 797 F.3d 240, 269 (4th Cir. 2015), reh'g en banc granted (Dec. 2, 2015) (stating that the court did "not decide whether, for instance, a federal prisoner might bring a § 2241 petition claiming that the district court unlawfully sentenced him to a term of imprisonment exceeding the statutory maximum"). However, the Fourth Circuit has granted rehearing en banc. Pursuant to Fourth Circuit Local Rule 35(c), "[g]ranting of rehearing en banc vacates the previous panel

4

judgment and opinion." Thus, Jones remains the controlling law of the Fourth Circuit. Based on the foregoing, the court finds that Kilgore cannot show that he is entitled to relief under § 2241. See, e.g., Rosario v. F.C.I. Bennettsville, No. 9:16-33-RBH-BM, 2016 WL 4951163, *3 (D.S.C. Aug. 9, 2016).

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 26, is granted. It is further

**ORDERED** that Kilgore's petition is dismissed.

**IT IS SO ORDERED**.

            s/ Henry M. Herlong, Jr.
            Senior United States District Judge

Greenville, South Carolina
February 28, 2017

### NOTICE OF RIGHT TO APPEAL

The petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

5